



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-2266
Re: Time element involved, if
any, between petitions for
consolidation of school
districts.

Your request for an opinion upon the above ques-
tion has been received and considered by this department.
We quote the pertinent portion of your letter as follows:

"* * *. The North Park and the Turner's
Chapel districts had a consolidation election
here in Taylor County on the 16th day of March,
1940, and when the Commissioner's Courts can-
vassed the results, the election failed to con-
solidate the two districts. Another petition
has been presented to the Commissioner's Court
in compliance with Article 2806 for calling
another consolidation election, said petition
having been filed on the 15th of April, 1940.

"Is it legally possible for these two
districts to have another consolidation elec-
tion now, or is it legally necessary under the
law for them to wait a definite period of time
before they can demand another election?"

Article 2806, Vernon's Annotated Civil Statutes,
Provides:

"Article 2806. On the petition of twenty
(20) or a majority of the legally qualified
voters of each of several contiguous common
school districts, or contiguous independent

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Esco Walter, Page 2

school districts, praying for the consolidation
of such districts for school purposes, the
County Judge shall issue an order for an elec-
tion to be held on the same day in each such
district. The County Judge shall give notice
of the date of such elections by publication
of the order in some newspaper published in
the county for twenty (20) days prior to the
date on which such elections are ordered, or
by posting a notice of such elections in each
of the districts, or by both such publication
and posted notices. The Commissioners' Court
shall at its next meeting canvass the returns
of such elections, and if the votes cast in
each and all districts show a majority in each
district voting separately in favor of such
consolidation, the Court shall declare the
school districts consolidated.

"Common school districts may in like
manner be consolidated with contiguous inde-
pendent school districts, and the district so
created shall be known by the name of the
independent school district included therein,
and the management of the new district shall
be under the existing board of trustees of the
independent school district, and all the rights
and privileges granted to independent districts
by the laws of this State shall be given to the
consolidated independent district created under
the provisions of this law; provided that when
two or more independent districts are consolidat-
ed, the County Board of Trustees shall designate
the name by which the said district shall be
known, and shall appoint a board of seven trus-
tees for the said consolidated district, to
serve until the next regular election of trus-
tees as prescribed by General Law, at which
time the district shall elect a board of seven
trustees whose powers, duties and terms of
office shall be in accordance with the pro-
visions of the General Law governing independent
districts, as they now exist or may hereafter be
enacted; provided further that when it is pro-
posed to consolidate contiguous county line dis-
tricts the petitions and election orders prescrib-
ed in this Act shall be addressed to and issued
by the County Judge of the County having juris-

diction over the principal school of each district and the results of the election shall be canvassed by the Commissioners' Court of the said county.

"The term 'district' as used in this and the succeeding nine articles means 'consolidated common school districts,' or 'consolidated independent school district.' (Acts 1919, 2nd C. S., p.167, as amended Acts 1923, 3rd C. S., p. 169; Acts 1931, 42nd Leg., p. 182, ch. 106, § 1.)"

The terms of Article 2806, supra, do not designate that any particular time element shall intervene between petitions to consolidate school districts. Nor does the language used justify any implication of such a legislative intent. You are accordingly advised.

Trusting that the above satisfactorily answers your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

By Grundy Williams

APPROVED MAY 21, 1940

ATTORNEY GENERAL OF TEXAS

GW:RS



APPROVED
OPINION
COMMITTEE
BY BWT
CHAIRMAN